**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Orrin SHAID Jr., Defendant-Appellant.**

No. 85–2743
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1986.
Rehearing and Rehearing En Banc Denied Oct. 9, 1986.

Orrin Shaid, Jr., pro se.

for suspension of deportation under 8 U.S.C. § 1254, provided his seven-year presence in this country has been continuous.

Bob Wortham, U.S. Atty., Dane Smith, Asst. U.S. Atty., Tyler, Tex., for plaintiff-appellee.

Before GEE, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

Orrin Shaid, Jr., a "charismatic 300–pound east Texan" according to our opinion reported at 730 F.2d 227—one in which his spirited adventures as a confidence man and bank fraud are detailed—appeals the dismissal of his §. 2255 motion to vacate the sentence imposed upon him by Judge William Wayne Justice. Most of his contentions are of a sort with that complaining that his motion was assigned a civil docket number, rather than filed in the original criminal action, and do not merit discussion. Among them are complaints of failure to appoint counsel to represent him in connection with the motion, failure to permit discovery and hold an evidentiary hearing, failure to grant a general "Motion to Inspect," and the refusal of a magistrate to stand recused.

Shaid's chief complaint is of a failure of Judge Justice to stand recused *sua sponte*, in view of his friendship with named persons connected with two banks that Shaid had defrauded. Judge Steger found, however, in passing on Shaid's present motion, that Judge Justice knew nothing of his friends' connection with these banks until Shaid's present motion was filed, a finding which is not erroneous—clearly or otherwise. As for Shaid's claim that his 35–year sentence was so harsh as to constitute ostensible evidence of the trial judge's want of impartiality. Judge Steger determined that Judge Justice merely followed the probation officer's recommendation in this respect—one which, in view of Shaid's lurid exploits, prior criminal record, and 101–year sentencing exposure, was not disproportionately severe.

AFFIRMED.